# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **Cristina Kellogg,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**Fannie's Inc. d/b/a Fannie's Cabaret, and William H. "Brian" Parks,**<br><br>**Defendants.** | **Civil Action No.** _____ |

## COMPLAINT

Plaintiff Cristina Kellogg ("Kellogg") brings this Complaint against Defendants Fannie's, Inc. d/b/a Fannie's Cabaret ("Fannie's") and William H. Parks ("Parks") (collectively "Defendants") and shows the Court as follows:

### A.   Introduction

1.

This is a wage an hour case. Defendants operate an Atlanta nightclub under the trade name "Fannie's Cabaret". Fannie's features entertainment in the form of nude female dancing. Defendants employed Kellogg as a dancer in that enterprise; but misclassified her as an independent contractor. Plaintiff's sole compensation came in the form of tips from Defendants' patrons. Defendants also required that Plaintiff pay kickbacks to them as a condition of employment.

### B.   Jurisdiction and Venue

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Fannie's 's principal business is located in this judicial district, because Parks resides in this judicial district, and because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

### C.   The Parties

4.

Kellogg is a natural person who resides in Fulton County, Georgia.

5.

Fannie's is a domestic profit corporation organized under the laws of the State of Georgia.

6.

Fannie's is subject to the personal jurisdiction of this Court.

7.

Fannie's may be served with process through its registered agent Cary S. Wiggins at 260 Peachtree Street, NW, #401, Atlanta, Georgia 30303.

8.

Parks is a resident of Paulding County, Georgia.

9.

Parks is subject to the personal jurisdiction of this Court.

10.

Parks is the CEO and CFO of Fannie's.

11.

Parks can be served with process at his residence located at 100 Evening Mist Drive, Acworth, Georgia or wherever he may be located.

**D.     Enterprise Coverage:**

12.

Defendants continuously employed Kellogg as a dancer at all times relevant to this action from April 2015 through December 2017 ("the Relevant Time Period").

13.

During the three years prior to the filing of this action, Kellogg was "engaged in commerce" as an employee of Fannie's as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

14.

At all times during the Relevant Time Period, Fannie's was an "enterprise engaged in commerce" as defined in the FLSA, § 3(s), 29 U.S.C. § 203 (s).

15.

During 2015, Fannie's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2016, Fannie's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2017, Fannie's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During the Relevant Time Period, two or more employees of Fannie's, including Kellogg, used or handled the following items (among others) that moved in interstate commerce that are necessary for performing its commercial purpose: liquor, spirits, computers, office furniture, office technology, beer, and glassware.

19.

During 2015, Fannie's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2016, Fannie's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2017, Fannie's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Fannie's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2016, Fannie's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2017, Fannie's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, Fannie's has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

26.

At all times material hereto, Fannie's has been an "employer" of Kellogg as defined in FLSA § 3(d), 29 U.S.C. §203(d).

27.

At all times material hereto, Kellogg was an "employee" of Fannies as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

E. **Statutory Employer:**

28.

At all times material hereto, Parks was involved in the day to day operation of Fannie's Cabaret.

29.

At all times material hereto, Fannie's vested Parks with supervisory authority over Kellogg.

30.

At all times material hereto, Parks exercised operational control over Kellogg's work activities.

31.

At all times material hereto, Parks exercised supervisory authority over Kellogg.

32.

At all times material hereto, Parks scheduled Kellogg's working hours or supervised the scheduling of Kellogg's working hours.

33.

At all times material hereto, Parks exercised authority and supervision over Kellogg's compensation.

34.

At all times material hereto, Parks was an "employer" of Kellogg as defined in FLSA § 3(d), 29 U.S.C. §203(d).

35.

At all times material hereto, Kellogg was an "employee" of Parks as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

F.  Additional Factual Allegations:

36.

During the three years prior to the filing of this action, Defendants owned and operated a nightclub under the trade name "Fannie's Cabaret".

37.

At all times during the Relevant Time Period, Fannie's Cabaret provided entertainment in the form of nude female dancers.

38.

At all times during the Relevant Time Period, Parks was the sole owner of Fannie's.

39.

During the Relevant Time Period, Kellogg regularly worked for Defendants four days per week.

40.

During the Relevant Time Period, Kellogg regularly worked eight (8) hours during each work shift for Defendants.

41.

During the Relevant Time Period, Kellogg regularly worked 32 hours during most work weeks for Defendants.

42.

At all times material hereto, in conjunction with each shift Kellogg worked, Defendants required, as a condition of employment, that she pay them a portion of her tips as "fees".

43.

At all times material hereto, in conjunction with each shift Kellogg worked, Defendants required her, as a condition of employment, to pay "fees" to house mothers and other managers employed by Fannie's.

44.

At all times during the Relevant Time Period, Defendants required, as a condition of employment, that Kellogg pay them fees in the amount of $100.00-$120.00 at the beginning of each work shift.

45.

At all times during the Relevant Time Period, Defendants required Kellogg to take a breath test before leaving after each work shift.

46.

At all times during the Relevant Time Period, Defendants required Kellogg to sell t-shirts to its customers.

47.

At all times during the Relevant Time Period, Defendants required Kellogg to pay for unsold t-shirts.

48.

During the Relevant Time Period, Defendants failed to pay Kellogg any wages or compensation whatsoever.

49.

At all times during the Relevant Time Period, Kellogg's sole form of remuneration was the receipt of tips from Defendants' customers.

50.

At all times during the Relevant Time Period, Fannie's directly and indirectly controlled its dancers' work schedules.

51.

At all times during the Relevant Time Period, Fannie's managers exercised the supervisory authority to require dancers to change their attire.

52.

At all times during the Relevant Time Period, Fannie's managers exercised the supervisory authority to require dancers to change their hairstyle.

53.

At all times during the Relevant Time Period, Fannie's managers exercised the supervisory authority to require dancers to change their makeup.

54.

At all times during the Relevant Time Period, Fannie's managers exercised the supervisory authority to impose discipline upon its dancers, including warnings, suspensions, and terminations.

55.

At all times during the Relevant Time Period, Fannie's managers supervised dancers on a day-to-day basis.

56.

At all times during the Relevant Time Period, Fannie's bore all costs associated with advertising, marketing, and promoting Fannie's.

57.

At all times during the Relevant Time Period, Fannie's employed a disc jockey ("the DJ") who operated Fannie's music and made announcements to customers and dancers.

58.

At all times during the Relevant Time Period, Fannie's DJ determined the order and rotation by which dancers would be scheduled to perform.

59.

At all times during the Relevant Time Period, Fannie's maintained a dressing room for its dancers.

60.

At all times during the Relevant Time Period, Fannie's posted notices and work rules for its dancers and other employees at Fannie's Cabaret.

61.

At all times during the Relevant Time Period, Fannie's posted notices and work rules for its dancers in the dressing room.

62.

At all times during the Relevant Time Period, Fannie's managers ensured that dancers complied with its rules and policies.

63.

At all times during the Relevant Time Period, Fannie's did not require applicants for dancing positions to have experience or training prior to hire.

64.

At all times during the Relevant Time Period, Fannie's advertised its business.

65.

At all times during the Relevant Time Period, such advertisements included photographs of scantily clad women.

66.

At all times during the Relevant Time Period, the presentation of nude female dancing was integral to Fannie's business model and success.

67.

At all times during the Relevant Time Period, as a matter of economic reality Kellogg was an "employee" as that term is used in the FLSA, rather than independent contractors.

68.

At all times during the Relevant Time Period, Defendants misclassified Kellogg as an independent contractor.

69.

At all times during the Relevant Time Period, Defendants were Kellogg's "employers" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

70.

At all times during the Relevant Time Period, Kellogg was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

71.

At all times material hereto, Fannie's did not employ Kellogg in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

72.

At all times material hereto, Fannie's did not employ Kellogg in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

73.

At all times material hereto, Fannie's did not employ Kellogg in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

74.

At all times material hereto, Fannie's did not employ Kellogg in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

75.

At all times material hereto, Kellogg was not exempt as a creative professional.

### COUNT I — FAILURE TO PAY MINIMUM WAGE

76.

The allegations in all previous paragraphs are incorporated herein by reference as if fully set out verbatim.

77.

At all times material hereto, Kellogg has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

78.

Throughout the Relevant Time Period, Defendants failed to compensate Kellogg at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

79.

Throughout the Relevant Time Period, Defendants willfully failed to compensate Kellogg at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

80.

As a result of the underpayment of minimum wages, Defendants are liable to Kellogg in an amount equal to the bar fees, house mother fees and parking fees she paid to Defendants in an amount to be determined at trial.

81.

As a result of the underpayment of minimum wages, Defendants are liable to Kellogg in an amount equal to her due but unpaid minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216

82.

As a result of the underpayment of minimum wages, Defendants are liable to Kellogg for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

83.

As a result of the underpayment of minimum wages, Defendants are liable to Kellogg for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Kellogg respectfully pray:

1. That Kellogg be awarded an amount to be determined at trial against Defendants in an amount equal to the fees she was required to pay to Defendants as a condition of employment;

2. That Kellogg be awarded an amount to be determined at trial against Defendants in unpaid minimum wages due under the FLSA,

3. That Kellogg be awarded liquidated damages;

4. That Kellogg be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** |
| 3100 CENTENNIAL TOWER  <br>101 MARIETTA STREET  <br>ATLANTA, GEORGIA 30303  <br>(404) 979-3150  <br>(404) 979-3170 (f)  <br>charlesbridgers@dcbflegal.com  <br>kevin.fitzpatrick@dcbflegal.com | */s/Charles R. Bridgers*  <br>CHARLES R. BRIDGERS  <br>GA. BAR NO. 080791  <br><br>*/s/ Kevin D. Fitzpatrick, Jr.*  <br>KEVIN D. FITZPATRICK, JR.  <br>GA. BAR NO. 262375  <br><br>**COUNSEL FOR KELLOGG** |